# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | | |
|---|---|---|
| JEAN HERTNAGEL LOUISVILLE | * | CIVIL ACTION NO. 05-1911 |
| VERSUS | * | JUDGE JAMES |
| ALBERTO GONZALEZ, ET AL. | * | MAGISTRATE JUDGE HAYES |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a Petition for Writ of *Habeas Corpus* under 28 U.S.C. § 2241 (Document No. 1) filed by Petitioner, Jean Hertnagel Louisville ("Louisville"), on November 2, 2005. The Government has filed a response, as amended, to Louisville's petition. (Document Nos. 8, 9). For reasons stated below, it is recommended that Louisville's petition be **DISMISSED without prejudice.**

## BACKGROUND

In February 1993, Louisville, a native and citizen of Haiti, entered the United States without inspection through Florida. Over ten years later, in 2005, Louisville was tried and convicted in Cobb County, Georgia for cruelty to children in the first degree, and he received a twenty year sentence. Shortly thereafter, on March 29, 2005, the United States Bureau of Immigration and Customs Enforcement ("ICE") took Louisville into custody and instituted removal proceedings. On April 5, 2005, a final removal order was entered against Louisville, and no appeal was taken.

ICE first attempted to execute Louisville's removal in July 2005 when ICE transferred him from Tensas Parish Detention Center to the Krome Service Processing Center for removal via the Miami District. This removal, however, was canceled due to a hurricane.

In the early fall of 2005, the United States Government agreed to suspend all removals to Haiti pending the completion of Haiti's presidential elections in October 2005. The October elections, however, were suspended because of fears of violence and civil unrest, and the

elections have continued to be postponed at one month intervals. As of today, the Haitian elections, with the approval of the United Nations, are scheduled to be held on February 7, 2006. Louisville has completed the paperwork required for removal, and he will be given priority for placement on a charter flight once removals resume after the presidential elections.

On November 2, 2005, Louisville filed this petition challenging his post-removal detention under the framework established by the United States Supreme Court in *Zadvydas v. Davis*, 533 U.S. 678 (2001). According to Louisville, the presumptively reasonable six-month detention period has expired and there is no significant likelihood of his removal in the reasonably foreseeable future.

## LAW AND ANALYSIS

In reviewing a petition for writ of habeas corpus by a detained alien who is subject to a final order of removal, a federal district court, pursuant to the authority of 28 U.S.C. §2241(c)(3), is to gauge whether a particular set of circumstances amounts to detention within, or beyond, a period reasonably necessary to secure removal. In *Zadvydas*, the Supreme Court held that 8 U.S.C. § 1231(a)(6), the post-removal-order detention statute, implicitly limits an immigrant's detention to a period reasonably necessary to bring about that immigrant's removal. *Id.* at 688-98. The Court, however, noted that the statute does not permit indefinite detention; the "reasonably necessary" detention period should be limited to six months after the removal order becomes final. *Id.* at 697-702. After that six month period expires, and the immigrant demonstrates that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must furnish sufficient rebuttal evidence. *Id.*

In this case, while the presumptively reasonable six-month detention period has indeed expired, Louisville has failed to demonstrate that there is no significant likelihood of his removal in the reasonably foreseeable future. The lapse of the presumptive detention period, by itself,

does not mandate release, *see Zadvydas*, 533 U.S. at 701, and the petitioner must still give good reason to believe that his removal is unlikely in the foreseeable future. Here, the Government has stated that it will remove Louisville shortly after Haiti holds its presidential elections one week from now on February 7. Although these elections have been repeatedly postponed since October, there is no indication that next week's will suffer a similar fate. Thus, because Louisville's removal is likely to occur within the reasonably foreseeable future, it is recommended that his petition be **DISMISSED without prejudice.**

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 1st day of February, 2006.

_____
KAREN L. HAYES
U. S. MAGISTRATE JUDGE